Filed 12/30/24  P. v. Whitsitt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM JOEL WHITSITT,<br><br>        Defendant and Appellant. | C099619<br><br>(Super. Ct. Nos. STK-CR-FDV-2021-0003804, STK-CR-FECOD-2022-0010628) |

Defendant William Joel Whitsitt appeals the trial court's order denying his pro se motions to vacate his convictions in two cases where he pleaded guilty or no contest to charges of stalking (Pen. Code, § 646.9).[1]  Appointed counsel filed a brief requesting this court's independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216.  Separately, Whitsitt filed a supplemental brief.  Having reviewed Whitsitt's supplemental brief, we affirm the order.

---

[1]  Undesignated statutory references are to the Penal Code.

BACKGROUND

In 2019, C.M. met Whitsitt at a church service and spoke with him briefly. At another service, Whitsitt approached C.M. and asked if she had a problem talking or interacting with him. C.M. did not wish to communicate with Whitsitt.

Whitsitt attended a college class with C.M. After the class, he approached her and handed her a letter. C.M. told him that he was not allowed to talk to or approach her, but he insisted on giving her the letter, which, among other things, expressed his desire to be closer to her.

Whitsitt followed C.M. around campus. C.M. was afraid of him following, watching, and staring at her.

In September 2019, C.M. obtained a restraining order against Whitsitt. He continued to follow her, and she called the police multiple times. He continued to mail letters to her at her residence. The letters made her feel more threatened.

An information filed in July 2021 in case No. STK-CR-FDV-2021-0003804 charged Whitsitt with stalking Jane C. Doe (§ 646.9, subd. (a); count one), stalking C.M. while a protective order was in effect (§ 646.9, subd. (b); count two), and four counts of misdemeanor contempt of court for disobeying a court order (§ 166, subd. (a)(4); counts three through six).

In November 2021, the trial court found Whitsitt to be mentally incompetent and referred him to competency restoration proceedings. In July 2022, the court determined that he was competent.

On July 25, 2022, Whitsitt pleaded guilty to counts two and three. The remaining counts were dismissed. The trial court sentenced him to a term of three years with credit for time served and released him from custody.

After Whitsitt was released, C.M. did not see him again, although he had continued to send her letters while he was in custody. In 2021, Luis Haro Olmos, Whitsitt's roommate, went to C.M.'s church and moved to within eight feet of her. At the

2

time, she did not know Olmos was Whitsitt's roommate but learned of it later from her parents. C.M. saw Olmos again at her job. Before the stalking incidents, C.M. had told Whitsitt where she worked. C.M. saw Olmos again at church and once or twice more at her place of employment. C.M. obtained a restraining order against Olmos.

An information filed in November 2022 in case No. STK-CR-FECOD-2022-0010628 charged Whitsitt with one count of stalking after having been convicted of stalking (§ 646.9, subd. (c)(2); count one), one count of stalking (§ 646.9, subd. (a); count two), and two counts of contempt of court with a prior contempt of court conviction (§ 166, subd. (c)(4)); counts three and four). It also alleged multiple aggravating circumstances under California Rules of Court, rule 4.421. In a separate case, an information charged Olmos with two counts of misdemeanor contempt of court with a prior contempt conviction (§ 166, subd. (b)(1)).

On January 19, 2023, Whitsitt pleaded no contest to count one. All remaining counts were dismissed. The trial court imposed and suspended a term of three years in state prison and placed Whitsitt on informal probation for two years.

After the trial court denied Whitsitt's motions to withdraw his plea and for exoneration in these cases, he filed four additional motions: on August 30, 2023, a motion for vacatur of his convictions; on September 1, 2023, a motion to dismiss the convictions as invalid; on September 8, 2023, a motion setting forth two other reasons for granting vacatur; and on September 14, 2023, another motion for vacatur. The motions did not cite a statutory basis for the relief requested.

On October 4, 2023, the trial court held a hearing on Whitsitt's motions. Whitsitt asserted that his motions should be treated as seeking a writ of error *coram nobis*. The court denied the motions, finding no legal basis for the relief sought.

Whitsitt filed a timely notice of appeal. His appointed counsel filed a brief under *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Delgadillo*, *supra*, 14 Cal.5th 216. Whitsitt filed a supplemental brief.

3

DISCUSSION

Appellate counsel filed a brief raising no arguable issues and asking this court to conduct an independent review of the record. In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*) This is not Whitsitt's first appeal of right.

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court prescribed procedures for such cases: "(1) [C]ounsel should file a brief informing the court of [his or her] determination [that there are no arguable issues on appeal], including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.] [¶] If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at pp. 231-232.) Although Whitsitt's appeal does not involve a petition under section 1172.6, this court has treated this postconviction appeal under *Delgadillo*'s procedures, giving Whitsitt an opportunity to file a supplemental brief and informing him that his arguments would be considered. Having now considered those arguments, we see no grounds for reversal.

As explained above, Whitsitt filed four nonstatutory motions to vacate his convictions in the trial court. A nonstatutory motion to vacate is the legal equivalent of a

4

petition for writ of error *coram nobis*. (*People v. Kim* (2009) 45 Cal.4th 1078, 1096.) A "motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope." (*People v. Adamson* (1949) 34 Cal.2d 320, 326.) "Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court." (*Id.* at pp. 326-327.) To secure relief, the petitioner must show (1) " ' "that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment" ' "; (2) " 'that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial" ' "; and (3) " ' "that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ." ' " (*People v. Kim*, *supra*, 45 Cal.4th at p. 1093.) "[T]he allegedly new fact must have been unknown and must have been in existence at the time of the judgment." (*Ibid.*) An order denying a petition for writ of error *coram nobis* is reviewed for abuse of discretion. (*Id.* at pp. 1095-1096.)

Our review of Whitsitt's supplemental brief does not reveal a contention that a newly discovered fact would have prevented rendition of the judgments in this case, with the possible exception of his argument that he learned of new evidence that he claims shows that C.M. admitted her parents testified falsely in obtaining the initial restraining order. Whitsitt's supplemental brief, however, provides no citation to the record that would allow us to assess his claim. (Cal. Rules of Court, rule 8.204(a)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 ["reviewing court may disregard contentions unsupported by citation to the record"].) Moreover, to obtain relief in a petition for writ of error *coram nobis*, " 'it is necessary to aver not only the probative

facts upon which the basic claim rests, *but also the time and circumstances under which the facts were discovered*, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence; a mere allegation of the ultimate facts, or of the legal conclusion of diligence, is insufficient.' " (*People v. Kim*, *supra*, 45 Cal.4th at pp. 1096-1097.) Whitsitt's brief does not satisfy this requirement as it fails to detail the claimed evidence or the circumstances under which he learned of it.

Whitsitt's supplemental brief otherwise asserts claims regarding matters and rulings that occurred in the proceedings leading to his pleas and convictions and the trial court's denial of his motion to withdraw his pleas. The writ of error *coram nobis*, however, is not " 'a catch-all' " through which defendants may litigate or relitigate the validity of their convictions. (*People v. Kim*, *supra*, 45 Cal.4th at p. 1094; *id.* at p. 1093 [" '[t]he remedy does not lie to enable the court to correct errors of law' "].) Whitsitt's supplemental brief does not demonstrate that his contentions fall in the narrow class of claims that "this extraordinary type of collateral relief from a final judgment" can address. (*Id.* at pp. 1101-1102; see *id.* at pp. 1094-1095.) Similarly, Whitsitt asserts issues where it is established that the writ provides no remedy. For example, Whitsitt maintains that his trial counsel was ineffective for failing to request a bail hearing, request exculpatory evidence from the prosecutor, argue for his immediate release, and object to his custody during competency restoration. Constitutional claims of ineffective assistance of counsel, however, cannot be vindicated on petition for a writ of error *coram nobis*. (*Id.* at p. 1095.)

In sum, our review of Whitsitt's supplemental brief does not reveal any abuse of discretion.

## DISPOSITION

The trial court's order denying Whitsitt's motions is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
KRAUSE, J.

7